UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LAMONT BROWN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:20-cv-2296 ) ) |
| HERMAN AND KITTLE PROPERTIES, INC., | ) ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   STATEMENT OF THE CASE**

1. Plaintiff, Lamont Brown (hereinafter "Brown" or "Plaintiff"), brings his Complaint against Defendant, Herman and Kittle Properties, Inc., (hereinafter "HKP"), for its violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*  Brown contends he was subjected to discrimination based on his race, African American, and retaliation after cooperating with an investigation in to concerns of unfair treatment of minorities, and unfair policies and procedures.

**II.   PARTIES**

2. Brown is a citizen of Indiana and is African American.  He resides within the geographical boundaries of the Southern District of Indiana.

3. HKP is an Indiana based for-profit corporation which has a principal office located in and conducting business within the geographical boundaries of the Southern District of Indiana.

**III.   JURISDICTION AND VENUE**

4. Brown was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

1

5. HKP is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6. Brown satisfied his obligation to exhaust his administrative remedies by having timely filed his U.S. Equal Employment Opportunity Commission Charge Number 470-2020-000075 against HKP alleging discrimination in violation of the Civil Rights Act of 1964, as amended, because of his race, African American. Brown received his Notice of Right to Sue from the EEOC on August 6, 2020, and timely files his Complaint.

7. Jurisdiction is conferred on this Court by Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e-5, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions and occurrences concerning this matter have arisen in the geographical purview of the Southern District of Indiana.

### IV.   FACTUAL ALLEGATIONS

9. HKP specializes in the development, construction, and management of over 155 multi-family properties, providing homes for 35,000 families throughout the Midwest and the South.

10. Plaintiff was hired as a Property Maintenance Supervisor on February 12, 2018.

11. At the time of Plaintiff's hire, there were over 100 people employed at HKP.

12. At the time of his hire, Plaintiff's direct supervisor was, Manager, Alysa Norris.

13. On July 8, 2019, Plaintiff gave a statement to HKP Human Resources representative Alysia Coulmont.

14. Ms. Coulmont was investigating allegations of unfair treatment against Blacks at HKP that were made by Plaintiff's co-worker, Tiara Brewer.

15. During his interview with Alysia Coulmont, Plaintiff told her that he felt the property manager, Alysa Norris, was singling out black employees with threats of suspension or termination without cause. He also informed Mrs Coulmont of racially insensitive comments and statements Mrs Norris has made about him to others, about other black employees to him and to residents, and racially insensitive comments she regularly makes in regards to residents.

16. Plaintiff also told HR that Alysa Norris allowed her husband, a convicted felon, to come and go in the maintenance shop and in apartments to do portions of Plaintiff's job, even though he is not employed with HKP.

17. On July 31, 2019, Norris, asked Plaintiff what he told Coulmont.  Plaintiff replied that it was, "confidential." Norris threatened his job by stating that she was "cleaning house," and that Plaintiff better not have said anything negative because she, "wasn't done yet."

18. On September 19, 2019, Norris terminated Plaintiff, the stated reason being that he failed to follow procedure for cleaning out a vacant apartment.

19. Several other Black employees who also participated in the human resources investigation were also terminated.

20. Plaintiff contends that the stated reason for his termination was pretext, and that the real reason for his termination was because of his race, and in retaliation for his cooperation in the investigation by human resources in to allegations of racial discrimination at HKP.

## V. LEGAL ALLEGATIONS

### a. Employment discrimination based on race

21. Plaintiff hereby incorporates paragraphs one (1) through (20) as set forth herein.

22. Plaintiff was terminated based on his race, Black.

23. As a result of HKP's actions, Plaintiff has sustained damages including but not limited to economic loss, loss of reputation, loss of enjoyment of life, mental anguish and emotional injury.

24. HKP's actions and omissions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* as amended.

### b. Retaliation

25. Plaintiff hereby incorporates paragraphs one (1) through (24) as set forth herein.

26. Plaintiff raised concerns regarding unfair treatment of minorities, insensitive comments by his manager, Alysa Norris, during his interview with HR representative Alysia Coulmont on July 8, 2019.

27. Plaintiff was terminated within weeks of bringing these issues to the attention of human resources, and after being threatened by his manager, Alysa Norris.

## VI. REQUESTED RELIEF

WHEREFORE the Plaintiff, Lamont Brown, requests that judgment of this Court be held in his favor as follows:

1. Order Defendant to pay Plaintiff any and all lost wages and the monetary value of all benefits associated with his employment as a result of Defendant's discrimination;

2. Order Defendant to pay Plaintiff compensatory damages for the mental anguish and consequential harm he suffered;

3. Order Defendant to pay Plaintiff's reasonable attorney fees and costs;

4. Order Defendant to pay interest on all sums recoverable; and

5. Award to Plaintiff all other relief that is just and proper.

                                                                            Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

### DEMAND FOR JURY TRIAL

Plaintiff, Lamont Brown, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
Ph. (317) 843-2606
Fax (317) 574-3095
cclark@goodinabernathy.com
03-116